# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CANTERBURY AFFORDABLE HOUSING, LLC**                                                     **PLAINTIFF**

**V.**                                                                    **NO. 4:18-CV-179-DMB-JMV**

**UBS GROUP AG, et al.**                                                              **DEFENDANTS**

## ORDER

Before the Court is the "Motion for Transfer of Venue, or in the Alternative, for Dismissal" filed by UBS Group AG, UBS AG, and UBS Securities LLC. Doc. #4.

## I
## Background and Procedural History

On August 1, 2018, Canterbury Affordable Housing, LLC, filed a complaint in the Circuit Court of Coahoma County, Mississippi, against UBS Group AG, UBS AG, UBS Securities, LLC, "John Doe Corporations 1–10," and "John Does 1–5." Doc. #2. The complaint asserts claims arising from the defendants' conduct as lenders with respect to Canterbury's efforts to refinance a loan on the Canterbury Apartments in Tupelo, Mississippi. Specifically, Canterbury alleges that the defendants breached a term sheet agreement and then employed economic duress to coerce it into executing a less favorable agreement. Of relevance here, the term sheet agreement, which is attached to the complaint, includes the following forum selection clause:

> This Term Sheet may not be assigned by [Canterbury] without the prior written consent of Lender. This Term Sheet shall be governed by and construed and interpreted in accordance with the internal laws of the State of New York, without regard to principles of conflicts of laws. To the fullest extent permitted under applicable law, [Canterbury] (i) submits to the exclusive jurisdiction of any state and federal court sitting in New York City for the resolution of any dispute in connection with this Term Sheet or the transactions contemplated hereby; (ii) agrees that any legal proceeding relating to this Term Sheet or the transactions contemplated hereby shall be maintained in a state or federal court of competent jurisdiction sitting in the city, state and county of New York as Lender shall elect;

(iii) agrees that any legal proceeding related to this term sheet or the transactions contemplated hereby shall be maintained in a state or federal court of competent jurisdiction sitting in the City, State and County of New York as Lender shall elect and waives the defense of any inconvenient forum; and (iv) agrees that a final judgment in any such legal proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Each of [Canterbury] and Lender waives any right to a jury trial.

*Id.* at Ex. 2 at 9.

On August 29, 2018, the defendants removed the state court action to this Court on the basis of diversity jurisdiction. Doc. #1. Two days later, the defendants, relying on the forum selection clause in the term sheet agreement, filed a motion under 28 U.S.C. § 1404(a) to transfer this case to the Southern District of New York or, in the alternative, to dismiss. Doc. #4. Canterbury responded in opposition to the motion on September 14, 2018. Doc. #14. In support of its response, Canterbury submitted an affidavit of F.G. Jack Bobo, Canterbury's managing member, setting forth Bobo's observations and opinions regarding the course of dealing between Canterbury and the defendants. Doc. #14-1.

On September 21, 2018, the defendants replied in support of their motion to transfer, Doc. #18, and filed a motion to strike portions of Bobo's affidavit. Doc. #19. Canterbury responded in opposition to the motion to strike on October 5, 2018. Doc. #27.

## II
## Standard of Review

A motion to transfer under 28 U.S.C. § 1404(a) is "the appropriate provision to enforce [a] forum-selection clause …." *Atl. Marine Const. Co. Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). When considering such a motion, a mandatory and enforceable forum selection clause "control[s] except in unusual cases." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016). "Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory." *Valero Mktg. & Supply Co.*

*v. Gen. Energy Corp.*, 702 F. Supp. 2d 706, 712 (S.D. Tex. 2010) (collecting cases).

Here, there is no dispute that the forum selection clause, which places exclusive jurisdiction in the courts of New York City, is mandatory or that, as drafted, it covers the claims at issue. There is also no dispute that no "unusual circumstances" exist which would justify overriding the clause, should it be enforceable. Rather, the sole issue is whether the clause is enforceable.

"[I]n diversity cases, federal law governs the 'enforceability' of forum-selection clauses …."[1] *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016). Under federal law, there exists a "strong presumption in favor of enforcing mandatory forum-selection clauses." *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018) (internal quotation marks omitted). However:

> This presumption may be overcome by a clear showing that a forum-selection clause is "unreasonable" under one of the following circumstances:
>
> (1) The incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state.

*Id.* (alterations omitted).

### III
### Motion to Strike

In their motion to strike, the defendants seek to strike paragraphs eighteen through twenty-three of Bobo's affidavit. Doc. #20 at 5. In the challenged statements, Bobo (1) refers to a Securities and Exchange Commission administrative proceeding in which UBS Securities LLC

---

[1] The Fifth Circuit has not resolved the issue of whether the "enforceability" of a forum selection clause under federal law is distinct from the "validity" of the clause or, if it is, "what source of law governs the 'validity' of forum-selection clauses." *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 n.2 (5th Cir. 2018). However, where, as here, the parties address only the enforceability of the clause, a court need not conduct a sua sponte inquiry into validity. *Id.*

was sanctioned for fraudulent conduct with regard to lending; (2) states an opinion that the violations in the SEC proceeding are similar to the ones here and that the conduct in this action "reflects the Defendants' modus operandi and course of dealing;" and (3) states an "opinion" that "the entire contract and term sheets were obtained by the Defendants' fraud, including the forum selection clause, which should render the forum-selection clause unenforceable." Doc. #14-1 at ¶¶ 18–23. The defendants contend that (1) the general references to the SEC proceeding are irrelevant because Bobo merely "regurgitate[s] the contents" of the referenced order; (2) the opinions linking the sanctioned conduct to the conduct here are speculative; and (3) the opinion that the defendants engaged in fraud is an impermissible legal conclusion. Doc. #20 at 3–4.

This Court has not found a Fifth Circuit case articulating the evidentiary rules governing a 1404(a) motion. Case law on the issue is less than clear. *Compare McNair v. Monsanto Co.*, 279 F. Supp. 2d 1290, 1299 (M.D. Ga. 2003) ("[S]ection 1404(a) does not require that affidavits set forth facts as would be admissible into evidence at trial or in connection with a dispositive motion."), *with Andersen v. Hallier Props., LLC*, No. 09-8323, 2010 WL 11518540, at *2 (C.D. Cal. Mar. 8, 2010) (on § 1404(a) motion "[t]he parties must provide admissible evidence to establish whatever facts are involved"). Given this uncertainty in the case law, and that consideration of the challenged sections of the affidavit would not alter this Court's decision on the transfer issue, the Court will, out of an abundance of caution, deny the motion to strike. *See Corley v. Rosewood Care Ctr., Inc. of Peoria*, 152 F. Supp. 2d 1099, 1113 (C.D. Ill. 2001) (motion to strike affidavits "moot because the matter sought to be stricken would not affect the decision").

## IV
## Analysis

As explained above, resolution of the defendants' motion to transfer depends on the enforceability of the forum selection clause. In this regard, Canterbury contends that the forum-

4

selection clause is unenforceable because it was obtained through fraud or overreaching. Doc. #15 at 2. Specifically, Canterbury argues that the defendants had no intention of performing under the terms of the term sheet agreement, that "the purported forum-selection clause relied upon by the Defendants was fraudulently obtained as step one of its deceitful scheme to gouge Canterbury," and that it would not have agreed to the forum selection clause if it had known that the defendants did not intend to satisfy their obligations under the agreement. Doc. #15 at 3.

> The exception for fraud or overreaching
>
> does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion.

*Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997) (alteration omitted). Thus, to challenge a forum selection clause based on fraud or overreaching, there is a "threshold requirement that the[] claims go specifically to the [forum selection] clause." *Id*. at 970; *see Huawei Techs. Co., Ltd. v. Yiren Huang*, No. 4:17-cv-893, 2018 WL 1964180, at *5 (E.D. Tex. Apr. 25, 2018) (where allegations of fraud go to agreement "as a whole" rather than specific forum-selection clause, such allegations "fall[] short of a specific challenge to the forum-selection clause").

In arguing fraud, Canterbury relies on Bobo's affidavit, which, as explained above, refers to a Securities and Exchange Commission administrative proceeding in which UBS Securities, LLC was sanctioned for allegedly similar fraudulent conduct with regard to lending and which states, "In my opinion, the entire contract and term sheets were obtained by the Defendants' fraud, including the forum selection clause, which should render the forum-selection clause unenforceable." Doc. #14-1 at ¶ 23. Notably, the sanctioned conduct referenced by Bobo includes no reference to inclusion of a forum selection clause.

5

At most, Bobo's allegations establish that the term sheet agreement as a whole was procured as a result of fraud or overreaching. There is simply no evidence, much less clear evidence, that the inclusion of the forum selection clause in the term sheet agreement was a product of fraud or overreaching. In the absence of such evidence, Canterbury cannot show that the forum selection clause is unenforceable. Accordingly, the Court concludes that the forum selection clause is enforceable and that, therefore, the defendants' motion to transfer must be granted.

## V
## Conclusion

For the reasons above, the defendants' motion to strike [19] is **DENIED** and the defendants' motion to transfer [4] is **GRANTED**. This action shall be **TRANSFERRED** to the United States District Court for the Southern District of New York.

**SO ORDERED**, this 13th day of November, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**